Wash, J.,
delivered the opinion of the Court,
The plaintiffs brought two several actions of assumpsit in the Circuit Court, against the defendant. The declaration, 'in each case, contains a count upon a promissory note, and a common count, for money had and-received, &c. The suits were consolidated, and on the trial, the plaintiffs offered' in evidence, promissory notes, as described in the declarations respectively, which notes were signed, “John Scott, by his attorney in fact, Joseph Bogy,” and endorsed,in the samo way. The defendant objected to the admission of the notes in evidence, without proving that said Bogy was attorney in fact, by the production of his power of attorney. The plaintiffs proved by said Bogy, by parol, that said Scott had given said Bogy a written power of attorney,'for the purpose of signing and endorsing said potes, and that he did make and endorse said notes accordingly, but that said power of*attorney was destroyed, or sent to the Bank. The plaintiff further offered to prove, that the notes had been given for money which said Scott had previously borrowed from the plaintiffs. The Court decided, that -the power of attorney ought to be produced, or proof given that it was not in the power of the plaintiffs to produce it, béfore parol evidence of its contents cpuld he received; and that the evidence of money loaned to the defendant, could not be received upon the count for money had and received; and gave judgment for the defendant, to reverse which the plaintiffs prosecute their writ of error in this Court. The two p'oints presented, for the consideration of this Court are:
Eirst. Did the Circuit Court err in rejecting parol proof of the authority of Bogy to give the notes sued on ?
Secondly. Can evidence of money loaned'be given to support the count for money had and received ?
Both of these questions were, as we conceive, correctly decided by the Circuit Court. It has been several times decided by this Court, that where a note has been, given by an agent or attorney, the authority of the agent or attorney must be proved. Here it was proven that Bogy acted under a written authority, which was the best evidence and ought to have been produced, or else the plaintiffs should have shown that the power of attorney had been lost or destroyed, or that it was in the possession of the defendant, who had been notified to produce it, and had failed to do so. The evidence, as far as it goes on this point is, “that said power of attorney was *534 destroyed or sent to the Bank;” and if sent to the Bank,it ought to have been produced.
On the second point the law is well settled, that where the plaintiff fails on the' special count, upon the note or hill, from a defect in the- count, mis-description of the instrument, failure in the proof, &c., &c., he may in many, and indeed in most cases, supply the omission hy the proof of the consideration, for which the note or hill, was given, under the general countbut then the consideration must be adapted to the count, and money loaned cannot he given in evidence to support the count for' money had and received..
The judgment of the Circuit Court is, therefore, affirmed with costs..